UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NEWTON EDWARD BELL, JR.        CIVIL ACTION NO. 05-0580

versus        JUDGE HICKS

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION
       **REFERRED TO:**
       **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Newton Edward Bell, Jr. ("Plaintiff") applied for disability benefits based primarily on complications related to rheumatoid arthritis. ALJ Larry Butler concluded that Plaintiff had the residual functional capacity ("RFC") to perform the requirements of light work and that the Medical-Vocational Guidelines directed a finding of not disabled. Tr. 31-37. Plaintiff applied to the Appeals Council for review and made an unsupported representation that he was being treated for depression/anxiety. The Appeals Council remanded the case to the ALJ to obtain additional evidence concerning the claimant's mental impairment, give further consideration to the RFC issue and obtain evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on the claimant's occupational base. Tr. 43-44.

Plaintiff was then referred to Thomas E. Staats, Ph.D., a clinical neuropsychologist, for a consultative evaluation. ALJ Butler reviewed that evidence and the other materials in

the record and issued a new written decision. He concluded that Plaintiff had the RFC to perform light work, reduced by the ability to occasionally handle, and minimal limitations in the ability to concentrate. Tr. 15. A VE testified that Plaintiff, who was 47 years old at the time of the most recent decision and has an eleventh grade education, could not perform his past relevant work with the assessed RFC. She opined that he could, however, perform other jobs such as furniture rental clerk or photofinishing counter clerk. The ALJ looked to that testimony and Medical-Vocational Rule 202.18 (as a framework) and found that Plaintiff was not disabled. Tr. 16.

The Appeals Council denied a request for review. Tr. 4-6. Plaintiff then filed this civil action seeking the limited judicial review permitted by 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide this case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, this action was automatically referred to the undersigned for decision and entry of final judgment.

**Issue on Appeal**

The ALJ posed written interrogatories to VE Joni Crayton. The ALJ asked that she assume a person with Plaintiff's vocational factors and a RFC "for light work, reduced by a significant decrease in range of motion in both wrists due to arthritis; and, by a minimal decrease in an ability to concentrate due to pain." Tr. 55. Plaintiff argues that this hypothetical question was deficient because it did not mention any restriction associated with his mental impairment other than the minimal limitation of his ability to concentrate.

Testimony from a VE may provide substantial evidence with respect to the inquiries at step five, but reversal may be required if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ ... a determination of non-disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001). Plaintiff's argument, however, is not that the ALJ included a limitation in his RFC and then erroneously omitted the limitation from the hypothetical. Rather, Plaintiff's complaint is that the ALJ should have included in his RFC (and then in the hypothetical question) additional mental limitations. Accordingly, the court will review the ALJ's assessment of Plaintiff's mental limitations under the appropriate standard of review.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff testified that he had gone to a community health center and been prescribed "nerve medicine" to "keep these anxiety attacks and stuff down." Plaintiff said he had also been to the Center for Behavioral Health, which had prepared a letter for him stating that he was drug free other than what was prescribed for him (including methadone). Tr. 178. The hearing did not include any additional discussion of mental problems.

After the remand from the Appeals Council, Plaintiff was examined by Dr. Staats. Plaintiff, during the evaluation, was not in acute distress. He complained of anxiety and excess worry and claimed to have panic attacks when in crowds or riding in a car. His thinking was "intact, logical and coherent." He had no delusions or hallucinations or other signs of psychosis, but he did show "definite somatic-fixation." Plaintiff had an adequate vocabulary and could carry on a conversation without difficulty.

Dr. Staats found that Plaintiff's short term and long term memory was intact, but his intermediate memory was weak. His concentration was adequate, but his persistence was marginal from a psychological standpoint. He had adequate social judgment, but he overall interacted poorly on a one-to-one basis due to pain behavior as well as tension and anxiety. Tr. 92-94. Plaintiff agrees that this report is the only medical evidence of a mental impairment in the record. Doc. 10, p. 4 n. 5.

The ALJ fairly summarized Dr. Staats' report in his decision. Tr. 13. He also concluded that Plaintiff had depressive and anxiety disorders that are severe, meaning that

they are more than a slight abnormality having such minimal effect that they would not be expected to interfere with a person's ability to work. See Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985).

The ALJ also discussed the mental listings, but he found that Plaintiff's "moderate limitations" in several areas of functioning did not rise to the level of severity required by the listings. Tr. 14. The ALJ discussed the depression and anxiety complaints again when assessing the RFC. He reasoned: "Although these disorders produce limitations in his ability to maintain attention and concentration for extended periods, he retains the ability to perform these tasks satisfactorily." The ALJ concluded, therefore, that the disorders did not satisfy the "B criteria" of the mental listings (which are fairly demanding and generally require some combination of marked restrictions in areas or repeated episodes of decompensation), so "would not preclude unskilled work." Tr. 15.

The Fifth Circuit has suggested that a step two finding that an impairment is severe equals a conclusion that the impairment has a significant effect on a claimant's RFC. Loza v. Apfel, 219 F.3d 378, 399 (5th Cir. 2000); Hearne v. Barnhart, 111 Fed. Appx. 256 (5th Cir. 2004) ("In Loza, this court linked the definition of a 'severe' impairment at Step Two to the determination of whether a claimant's non-exertional impairments significantly affected his residual functional capacity ... ."). But see Guillory v. Barnhart, 129 Fed. Appx. 873 (5th Cir. 2005) (holding that the mere presence of a non-exertional impairment found to be severe at step two did not preclude use of the Grid Rules if the non-exertional

impairment did not significantly affect RFC or the base of available jobs).

The ALJ expressly found at step two that Plaintiff suffered from depressive disorder and anxiety disorder. He also discussed Dr. Staats' report that included findings that Plaintiff's persistence was marginal and that Plaintiff "interacted poorly." Tr. 13. When the ALJ later discussed the mental listings, he stated (apparently inconsistently) that "there is no indication he does not interact adequately with others." Dr. Staats did find, as noted earlier in the ALJ's decision, that Plaintiff "was able to interact poorly on a 1:1 basis" and that his "[s]ocial interaction was poor." Tr. 94. The ALJ did not reconcile these apparent conflicts between his findings and Dr. Staats' report, nor did he otherwise discuss why he did not include a social interaction limitation in his RFC. The ALJ did include in his RFC a limitation in the ability to concentrate, but Dr. Staats had found: "Sustained concentration was adequate." Tr. 94. Plaintiff does not complain about that point, but it is another example of an unexplained difference between the RFC and Dr. Staats' findings.

Perhaps the ALJ could articulate reasons that would support his RFC and his ultimate conclusion, but the decision as written is not supported by substantial evidence. Both the step two finding and the only medical evidence on the issue strongly suggest a degree of mental limitations not included in the RFC or adequately explained in the decision. On remand, Plaintiff and the agency may further explore this and any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the

administrative proceedings leading to the final decision in your case."). See also *Social Security Law and Practice*, § 55:74 (There is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

For the reasons set forth above, the Commissioner's decision to deny benefits is reversed pursuant to the fourth sentence of 42 U.S.C. § 405(g). A judgment to that effect will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE